(C.D. 3254)

REGALIA FURS, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided January 17, 1968)

*Siegel, Mandell & Davidson* for the plaintiff.
*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: The protest listed above consists of certain imported merchandise which was classified as women's, girls' or infants' lace or net wearing apparel, whether or not ornamented, and other wearing apparel, ornamented, and assessed with duty at the rate of 42.5 per centum ad valorem, pursuant to the provision of item 382.03 of the Tariff Schedules of the United States.

It is claimed in said protest that said merchandise is properly dutiable at the rate of 25.5 per centum ad valorem as articles not specially provided for, of beads, of bugles, of spangles, of imitation gemstones, or of any combination thereof, pursuant to the provisions of item 741.50 of said tariff schedules.

This protest has been submitted for decision upon a written stipulation of counsel for the respective parties hereto which reads as follows:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

That the items marked "A", and checked JW (Comm. Spec's Initials) by Commodity Specialist John Wargo (Comm. Spec's Name) on the invoices covered by the protest enumerated and assessed with duty at 42½ per centum ad valorem under the provisions of item 382.03, TSUS, consist of wool sweaters, fully covered with beads, bugles, or spangles.

That said sweaters are, in fact, in chief value of bugles, beads or spangles and that the wool fabric is not visible in significant part after the beads, bugles or spangles are applied to the sweater.

It is claimed that said merchandise is properly dutiable at 25½ per centum ad valorem under the provisions of item 741.50, TSUS, as articles, not specially provided for, of beads, of bugles, or spangles, or any combination thereof.

That the protest be deemed submitted on this stipulation, the protest being limited to the items marked with the letter "A", as aforesaid, and abandoned as to all other items.

Upon the agreed facts, we hold the merchandise here in question, identified by invoice items marked "A" and checked as aforesaid, to be dutiable at the rate of 25.5 per centum ad valorem, as articles not specially provided for, of beads, of bugles, of spangles, of imitation gemstones or of any combination thereof, under item 741.50, TSUS. The claim in the protest to that effect is sustained. All other claims are, however, overruled.

Judgment will be entered accordingly.